**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
MECCA JONES,

                                  Plaintiff,

          -against-

NEW YORK CITY TRANSIT AUTHORITY,

                                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS
A TRIAL BY JURY

      Plaintiff, Mecca Jones, by her attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"), seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** and **retaliated against** on the basis of her **disability**, perceived disability and protected activities by the Defendant.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617. 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city and state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district based upon Defendant's residency within Kings County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

4. That at all times relevant hereto, Plaintiff Mecca Jones ("Jones") is a resident of the State of New York and Queens County.

5. That at all times relevant hereto, Defendant New York City Transit Authority ("NYCTA") was and is a public authority run by the City of New York and duly authorized and existing by virtue of the laws of the State of New York with its primary office located at 130 Livingston St, Brooklyn, NY 11201.

6. Plaintiff Jones is and was, during all relevant times, an employee for Defendant NYCTA.

## MATERIAL FACTS

7. Plaintiff Jones is a female.

8. Plaintiff Jones suffers from Deep Vein Thrombosis (DVT), which is the formation of blood clots in the vein, commonly found in the leg. Plaintiff Jones has severe muscle and nerve damage in her legs from this disease making her legs very weak. Plaintiff Jones often has difficulty walking and standing for long periods of time, and also cannot rely on the strength of her legs.

9. Plaintiff Jones made Defendant NYCTA aware of her condition prior to being hired.

10. Defendant NYCTA hired Plaintiff Jones on December 26, 2016 as a conductor.

11. At the time, she was placed under the supervision of instructors TSS Thomas and TSS Doltry.

12. Plaintiff Jones ability to use her legs to assist her in ascending and descending the train is severely impaired. She must rely on her upper body strength.

13. On or about January 12, 2017, Plaintiff Jones requested extra tutoring hours to learn a safe and comfortable way for her to ascend and descend the train while working. She was denied these extra tutoring hours by her instructors TSS Thomas and TSS Doltry.

14. Plaintiff Jones then reached out to another instructor, TSS Rogers. She fully explained her

situation and TSS Rogers assisted her in learning a safe and comfortable way to ascend and descend from the train.

15. Plaintiff Jones then learned that this technique would only be useful for one model train, as all trains on the B division are not similarly designed. In order for Plaintiff Jones to ascend and descend the train she must use the grab bars. There is no standard model for the grab bars, so they are designed in different heights, widths, and lengths, therefore making some harder to use than others.

16. On January 17, 2017, while at the Stillwell rail yard, Plaintiff Jones tried ascending a train but had difficulty, upon information and belief due to her disability, but fell off and reinjured her right ankle. TSS Thomas called Superintendent Young and informed him of the accident and stated that she would be taking Plaintiff to the crew room. Mr. Young immediately came to the yard and demanded that Plaintiff Jones perform the task of ascending and descending the train again. Plaintiff Jones explained she was unable to as she just hurt her right ankle and that she was traumatized from the fall. Mr. Young responded by threatening her position, he stated that if she did not perform the task right at that moment she would be sent for termination.

17. Plaintiff Jones simply could not perform the task at that specific moment because it was a risk to her physical state. Plaintiff Jones denied Mr. Young's request, he thereafter faxed over a letter of termination instructing Plaintiff Jones to visit the department's office on January 18, 2017 to be officially terminated.

18. On the application to become a NYCTA conductor it stated that if a conductor has a disability, accommodations would be made in order for that conductor to take the standard test and perform essential duties as a conductor. Plaintiff Jones was not given any other alternatives or accommodations but was instead terminated for not being able to ascend and descend a train right after she sustained an injury.

19. Upon information and belief, Mr. Young believed and/or perceived Plaintiff Jones to be disabled.

20. It was clear at this point that Mr. Young knew Plaintiff Jones could not perform the task and he had no intention of continuing to employ Plaintiff Jones due to her disability and/or perceived disability.

21. Due to the discriminatory termination, Plaintiff has suffered lost wages, benefits, emotional damages and other damages. Defendant's violations of the law are knowing and intentional.

22. But if not for her disability, perceived disability, and requested accommodations, Plaintiff Jones would not have been terminated.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

24. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

25. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

26. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability and/or perceived disability.

27. Further, Section 12203 states that "No person shall discriminate against any individual

because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

28. Defendant retaliated against Plaintiff due to her protected activities as stated herein.

29. As such Plaintiff has been damaged as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

30. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

31. The Administrative Code of City of New York §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the **actual or perceived** age, race, creed, color, national origin, gender, **disability,** marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

32. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against Plaintiff because of her disability and/or perceived disability.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

33. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

34. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because

5

such person has opposed any practices forbidden under this chapter. . ."

35. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's requested disability accommodation.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

36. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

37. The New York City Administrative Code §8-107(19) states that it shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

38. Defendant violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

41. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disabilities and perceived disabilities.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

44. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because she requested reasonable accommodation.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

[INTENTIONALLY LEFT BLANK]

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the ADA, NYCHRL and NYSHRL by discriminating against and retaliating against Plaintiff on the basis of her disability and/or perceived disability;

B. Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendant's unlawful termination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Astoria, New York
November 6, 2017

**THE ROSE LAW GROUP, PLLC**

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595